486 P.2d 389

**The STATE of Utah, Plaintiff and Respondent,**

v.

**Louis G. TRYFONAS, Defendant and Appellant.**

**No. 12427.**

Supreme Court of Utah.

June 22, 1971.

---

1. Sections 63–30–1 to 63–30–34, U.C.A.1953.

ers came across defendant and another in the hinterlands of Utah County's Wasatch Mountains, with flashlights aglow, whence the defendant, cow carcass in tow, was dragging it off the trail, only to attempt flight after the Ranger's flashlight impressed him of the importance of the dawn's early light. So impressed, he succumbed not only to the torch but an impulse to yell to his companion, also in flight, to return because they had been caught by the Mounties. Other evidence, some real and some circumstantial, made it apparent that the jury was out too long and that State v. Laub, 102 Utah 402, 131 P.2d 805 (1952),—also a cow case, and the only one relied on by defendant,—might have had a similar odor,—as far as cows go,—but not a dissimilar pertinence. That case concededly affirmed a conviction solely on circumstantial evidence, where albeit blood was in evidence, there was no direct evidence who killed what cow, how or where. In the instant case there was not only direct and circumstantial evidence as to the personality and presence of Jack the Ripper, but there prevailed an admission of guilt.

Defendant's only point on appeal justifying any argument that the defendant was innocent under the Laub case is that there it was said that under the statute the State must prove not only an asportation, but

---

Phil L. Hansen & Associates, Salt Lake City, for defendant and appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

HENRIOD, Justice:

Appeal from a judgment entered on a jury verdict rendered about a half hour after deliberation, convicting defendant of grand larceny by stealing a cow.[1] Affirmed.

The record, without dispute, reflects that one chilly night, a couple of Forest Rang-

---

1. Title 76-38-4(3), Utah Code Annotated, 1953: "Grand larceny * * * (3)

When the property taken is a * * * cow * * *."

that defendant, to be guilty, must have killed as well as asported the critter. It must be pointed out that the killing in the Laub case was proven by circumstantial evidence, the like of which is stronger here than there.

Defendant says "The threshold here presented is 'When does a cow cease being a cow?'" Our only answer to that is by asking another question: "When does a cow become a cow?" and we hesitate to cross that threshold before we come to it. We prefer to paraphrase Gertrude Stein's immortal truism that "A rose is a rose is a rose" by suggesting that "A cow is a cow is a cow."

CALLISTER, C. J., and TUCKETT, J., concur.

ELLETT, Justice (concurring):

I concur. The fact that the defendant killed a "cow" before asportation does not make it larceny of "beef." No proof of value was made, but our statute[1] makes it grand larceny to steal a "cow."

CROCKETT, Justice (concurring):

I concur in affirming the conviction, adding this comment: Appellant's attack upon the verdict seems to overlook the fact that the jury is entitled to consider not only the direct evidence, but to draw all reasonable inferences that fairly can be de-

duced therefrom. Viewed in that light, it is my opinion that there was ample basis therein for them to believe that it was a "cow" and not "beef" that was stolen; and therefore there was no necessity for evidence of value.